# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| JENSEN CASH OVESIAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:21-cv-168-ALM-KPJ |
| DENTON DISTRICT ATTORNEY'S § | |
| OFFICE, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Jensen Cash Ovesian's ("Plaintiff") Motion for Accommodations (Dkt. 8). Upon consideration, the Court finds the Motion (Dkt. 8) is hereby **DENIED**.

## I. BACKGROUND

On February 8, 2021, Plaintiff filed an Original Complaint (Dkt. 1) against nine Defendants. On March 22, 2021, before any Defendant filed an answer or otherwise responsive pleading, Plaintiff filed a First Amended Complaint (styled as a "Second Amended Complaint") (Dkt. 7), which asserts claims against twenty-four Defendants. That same day, Plaintiff also filed the Motion for Accommodations (Dkt. 8), which states:

> Plaintiff requests extended time extension to meet any and all requests made by this court. This time will allow for execution of plans to fix financial problems exacerbated by the defendants listed. Furthermore, plaintiff is living with predators who try to stop him from making any money, control his actions, and in general prey upon him. Stamps are hidden, money is stolen, paper kept in short supply, printers are disabled, police are threatened, important rides and promise[s] and not delivered to prevent ability to ask others for a ride. Plaintiff resides in a house of scandal and is continuously handicapped. This motion should also be entered as grounds for previous motion to appoint counsel. Domestic violence is possible on any given day and plaintiff cannot meet requests.

## II.   ANALYSIS

Under Federal Rule of Civil Procedure 6(b), the Court enjoys wide discretion to extend deadlines if good cause is shown. *See* FED. R. CIV. P. 6(b); *see also* CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (4th ed) (April 2021 Update) (compiling cases). If the motion for extension of time is made before the expiration of a deadline, the party must also show there is good cause to extend the deadline. *See* FED. R. CIV. P. 6(b)(1)(A). If the motion for extension of time is made *after* the expiration of a deadline, the party must show both good cause and that it failed to act because of excusable neglect. FED. R. CIV. P. 6(b)(1)(B).

Here, Plaintiff seeks an extension of all deadlines, alleging "[D]efendants" are interfering with his ability to fix his financial issues. *See* Dkt. 8. To put it simply: Plaintiff cannot move for a global extension for all deadlines. Further, Plaintiff does not specify the who, what, when, where, or how of his interference allegations. The Court cannot determine which of the twenty-five Defendants are allegedly interfering with Plaintiff's affairs, what specific acts they are alleged to have committed, when these acts were allegedly committed, where these acts were allegedly committed, and how these acts have affected Plaintiff.

Plaintiff also alleges individuals living with him are acting in a predatory manner, are controlling his actions, and, it appears, depriving him of access to stamps, paper, and other supplies necessary for litigation. *See id.* As with his allegations against Defendants, Plaintiff's allegations with respect to his co-inhabitants are similarly vague.

The Court finds there is no good cause to extend any deadline, let alone all deadlines. The Court therefore **DENIES** Plaintiff's Motion for Accommodations (Dkt. 8). As this litigation develops, if Plaintiff seeks an extension for a specific deadline, such as a deadline to file a response

to a pending motion, Plaintiff shall file the appropriate motion, present an adequately specific set of facts, and specify the length of extension sought.

## III. CONCLUSION

For the foregoing reasons, the Court finds Plaintiff's Motion for Accommodations (Dkt. 8) is **DENIED**.

**So ORDERED and SIGNED this 24th day of May, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE