# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **JENSEN CASH OVESIAN,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | Civil Action No. 4:21-cv-168-ALM-KPJ |
| **DENTON DISTRICT ATTORNEY'S** § | |
| **OFFICE,** *et al.*, § | |
| § | |
| **Defendants.** § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Jensen Cash Ovesian's ("Plaintiff") Motion to Appoint Counsel (Dkt. 16). Upon consideration, the Court finds the Motions (Dkt. 16) is hereby **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

On February 8, 2021, Plaintiff filed an Original Complaint (Dkt. 1) against nine Defendants. On March 22, 2021, before any Defendant filed an answer or otherwise responsive pleading, Plaintiff filed a First Amended Complaint (styled as a "Second Amended Complaint") (Dkt. 7), which asserts claims against twenty-four Defendants. On April 29, 2021, before any Defendant filed an answer or otherwise responsive pleading, Plaintiff filed a Second Amended Complaint (styled as a "Third Amended Complaint") (Dkt. 10) against twenty-five Defendants.

Thereafter, Defendants Liberty Mutual, Farmers Insurance, and Wildridge respectively filed a Motion to Dismiss (Dkt. 12), a Motion for a More Definite Statement (Dkt. 14), and a Motion for Judgment on the Pleadings (Dkt. 15). On May 20, 2021, Plaintiff filed his Motion to Appoint Counsel (Dkt. 16), which requests counsel be appointed because, *inter alia*, Defendant BBVA closed a bank account, Defendant Liberty Mutual's Motion to Dismiss constitutes a

1

defamatory act, and "[t]wo defendant parties have referred to plaintiff[']s grievances as personal issues." *Id.*

## II. <u>ANALYSIS</u>

There is no automatic right to appointment of counsel in a civil proceeding. *See Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982). In civil cases, a federal district court has discretion to appoint counsel if exceptional circumstances exist and if doing so would advance the proper administration of justice. *See id.* Factors to consider include (1) the type and complexity of the case, (2) whether an indigent party is capable of adequately presenting his case, (3) whether an indigent party is in a position to adequately investigate the case, and (4) whether evidence will consist, in large part, of conflicting testimony "so as to require the skill in the presentation of evidence and in cross examination." *Id.* at 213.

Having reviewed the Second Amended Complaint (Dkt. 10), Plaintiff's lawsuit concerns numerous discrete fact patterns, such as false reporting from a hospital, a church's alleged misuse of its nonprofit status to accrue financial benefits, inappropriate physical contact at a Costco and Wal-Mart, and denial of public benefits from a Texas state agency.

The Court does not find the allegations and the claims asserted therefrom unduly complicated such that appointment of counsel is necessary. *See Carroll v. Rupert*, No. 6:15-cv-569, 2017 WL 11446977, at *1 (E.D. Tex. May 5, 2017). Nor does the Court find that any other exceptional circumstance exists. Accordingly, Plaintiff's Motion to Appoint Counsel (Dkt. 10) is **DENIED WITHOUT PREJUDICE**. As this litigation matures, the Court may consider appointment of counsel if this case becomes complex and exceptional circumstances exist.

### III. CONCLUSION

For the foregoing reasons, the Court finds Plaintiff's Motion to Appoint Counsel (Dkt. 16) is **DENIED WITHOUT PREJUDICE**.

**So ORDERED and SIGNED this 24th day of May, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE