**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JENSEN CASH OVESIAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:21-cv-168-ALM-KPJ** |
| **DENTON DISTRICT ATTORNEY'S** | § | |
| **OFFICE,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The following motions are pending before the Court:

- Defendant Liberty Mutual's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim and Pursuant to 28 U.S.C. § 1915(e)(2)(B) (the "Motion to Dismiss") (Dkt. 12);

- Defendant Farmers Insurance Company's ("Farmers") Motion for a More Definite Statement (the "Motion for a More Definite Statement") (Dkt. 14); and

- Defendant Wildridge Community Association, Inc.'s ("Wildridge" and, together with Liberty Mutual and Farmers, "Defendants") Motion for Judgment on the Pleadings, 12(b)(1) Motion to Dismiss, and 28 U.S.C. § 1915(e)(2)(B), and in the Alternative, Motion for a More Definite Statement (the "Motion for Judgment on the Pleadings") (Dkt. 15).

Plaintiff Jensen Cash Ovesian ("Plaintiff") did not file responses to the foregoing motions. Upon consideration, the Court recommends the Motion to Dismiss (Dkt. 12) and Motion for Judgment on the Pleadings (Dkt. 15) be **GRANTED IN PART and DENIED IN PART** and that Farmers' Motion for a More Definite Statement (Dkt. 14) be **DENIED AS MOOT**.

## I.     BACKGROUND

On February 8, 2021, Plaintiff filed an Original Complaint (Dkt. 1), as well as a Motion for Leave to Proceed in Forma Pauperis (Dkt. 2). Thereafter, the Court granted Plaintiff's Motion

1

to Proceed in Forma Pauperis. *See* Dkt. 6. As noted by Liberty Mutual, this is not Plaintiff's first foray into federal litigation. *See* Dkt. 12 at 1 n.2. Proceeding *pro se*, Plaintiff has filed at least eighteen (18) other lawsuits in federal district court, most of which were dismissed, at least in part, for Plaintiff's failure to cure pleading or filing deficiencies.[1] *See id.*

On March 22, 2021, before any defendant filed a responsive pleading, Plaintiff filed a first amended complaint (styled the "Second Amended Complaint") (Dkt. 7). Again, on April 14, 2021, Plaintiff filed another amended complaint (styled the "Third Amended Complaint") (Dkt. 10), asserting claims against Liberty Mutual, Farmers, and Wildridge, among others.[2] The Third Amended Complaint asserts the following allegations against Wildridge:

> Plaintiff claims, Wildridge, is operating a neighborhood in violation of the rights of tenants. Specifically that tenants in this neighborhood, by not having traditional wooden post mailboxes in front of each home have no freedom of access to US Postal Mail guaranteed to all homes. Plaintiff claims his civil and constitutional rights were violated.

*See* Dkt. 10 at 7.

The Third Amended Complaint asserts the following allegations against Farmers and Liberty Mutual:

---

[1] The Court takes judicial notice of the fact that every case cited by Liberty Mutual (except for *Ovesian v. Spurlock*, 1:19-cv-1032, and *Ohanian v. Walcher*, 1:18-cv-141) was dismissed, at least in part, for Plaintiff's failure to cure pleading or filing deficiencies. *See* FED. R. EVID. 201; *Polnac v. City of Sulphur Springs*, No. 4:20-cv-00666, 2021 WL 3663539, at *7 (E.D. Tex. Aug. 18, 2021) (mem. op.) (quoting *Duncan v. Heinrich*, 591 B.R. 652, 655 n.2 (M.D. La. 2018)) ("Documents in judicial actions and cases' dockets are public records of which any court can take judicial notice."). The Court also takes judicial notice of the fact that such cases reference Plaintiff's aliases, including the alias "Adrian Ohanian." *See* FED. R. EVID. 201.

[2] On February 11, 2022, the Clerk's Office confirmed that summonses have not been issued in this action, meaning Defendants have not been properly served. *See* FED. R. CIV. P. 4(c) ("A summons must be served with a copy of the complaint."). However, by filing the Motions—and in Farmers and Wildridge's cases, by filing answers— Liberty Mutual, Farmers, and Wildridge have waived their defenses of insufficient process and insufficient service of process. *See* FED. R. CIV. P. 12(h) (a defendant waives the defenses of insufficient process and insufficient service of process if the defendant fails to raise it in an answer or Rule 12 motion); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1298 (5th Cir. 1985) ("Under Federal Rule of Civil Procedure 12(h)(1) any jurisdictional defect stemming from insufficiency of process or of service of process is waived unless it is raised in the answer or by motion before the filing of a responsive pleading.").

> Plaintiff claims, [Farmers], mislead him when they never intended to pay the claim in full, but simply some arbitrarily deflated depreciation to make show of them paying claims. Plaintiff claims [Farmers] thus subjected him to conduct by family members which included false reporting and abuse. Plaintiff claims his civil and constitutional rights were violated.
>
> . . . .
>
> Plaintiff claims, Liberty Mutual, discriminates against young people. Specifically, that Liberty Mutual will accept premiums from young people, but when young people make claims the claims must contain some dishonesty that must be dug for. Plaintiff claimed losses of $22,000, and failure to pay led to severe repercussions on plaintiff's life. Liberty Mutual now claims that they have no idea of any policy ever held by plaintiff or any record of any claim filed. Plaintiff claims his civil and constitutional rights were violated.

*See id.* at 7–8.

In response to the Third Amended Complaint, Defendants Liberty Mutual, Farmers, and Wildridge, respectively, filed the Motion to Dismiss (Dkt. 12), Motion for a More Definite Statement (Dkt. 14), and Motion for Judgment on the Pleadings (Dkt. 15). Common to these filings are Defendants' assertions that the Third Amended Complaint fails to assert sufficient factual allegations to state legal claims for relief. *See* Dkts. 12, 14, 15. Liberty Mutual and Wildridge seek dismissal for Plaintiff's failure to allege facts establishing subject-matter jurisdiction and for Plaintiff's failure to state a claim. *See* Dkts. 12, 15. Farmers requests the Court order Plaintiff to plead additional factual allegations to enable Farmers to file a responsive pleading. *See* Dkt. 14.

Plaintiff did not respond to Defendants' motions; however, on January 26, 2022, without seeking leave,[3] Plaintiff filed another amended complaint (styled the "Fifth Amended Complaint") (Dkt. 20). The Fifth Amended Complaint asserts the same allegations against Defendants as are

---

[3] Under Federal Rule of Civil Procedure 15, a plaintiff may amend his pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. *See* FED. R. CIV. P 15(a)(1). In all other cases, a plaintiff may only file an amended complaint with the defendant's written consent or the court's leave. *See* FED. R. CIV. P 15(a)(2).

asserted in the Third Amended Complaint. *See generally* Dkt. 20. On February 9, 2022, Wildridge filed a Motion to Strike the Fifth Amended Complaint (Dkt. 21), an answer to the Fifth Amended Complaint (Dkt. 22), and a motion for judgment on the pleadings as to the Fifth Amended Complaint (Dkt. 23). On February 15, 2022, Farmers filed an answer to the Fifth Amended Complaint. *See* Dkt. 24. However, because Plaintiff did not receive leave to file the Fifth Amended Complaint, the Third Amended Complaint remains the live complaint in this action.

## II.   LEGAL STANDARDS

Federal law requires plaintiffs to plead "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under Federal Rule of Civil Procedure 8(a), a complaint must contain each of the following:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). A complaint may be subject to dismissal if it fails to meet the pleading standards set forth in Rule 8.

### A. Dismissal for Lack of Subject-Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) permits dismissal of a complaint that fails to establish the Court's subject-matter jurisdiction over the claims asserted therein. *See* FED. R. CIV. P. 12(b)(1). This is because federal district courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate the claims brought before them. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Subject-matter jurisdiction is conferred through either: (1) federal question jurisdiction, which enables federal courts to hear claims "arising under the Constitution, laws, or treaties of the United States;" or (2) diversity of citizenship jurisdiction,

which enables federal courts to hear claims in civil actions where the amount in controversy exceeds $75,000 and where there is "complete diversity" among the parties. *See* 28 U.S.C. §§ 1331–1332. "Complete diversity requires that no plaintiff be a citizen of the same state as any defendant." *Coffman v. Dole Fresh Fruit Co.*, 927 F. Supp. 2d 427, 431 (E.D. Tex. 2013). If the Court has jurisdiction over some claims, but not all claims, the Court may exercise supplemental jurisdiction over claims that are "so related to claims" that are within the Court's jurisdiction that they are considered to be part of the "same case or controversy." *See* 28 U.S.C. § 1367.

However, a federal district court may only exercise subject-matter jurisdiction over a "case or controversy." *Deutsch v. Annis Enters., Inc.*, 882 F.3d 169, 173 (5th Cir. 2018). To establish a "case or controversy," a plaintiff must show that he has standing to sue. *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). To establish standing at the pleading stage, the plaintiff must allege facts demonstrating each of the following: (1) the plaintiff suffered an injury-in-fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016). An injury-in-fact is an invasion of a legally protected interest that is concrete and affects the plaintiff in a personal and individual way and that is also actual or imminent and not conjectural or hypothetical. *Id.* at 339.

The party asserting that subject-matter jurisdiction exists has the burden of proving its requirements are met. *See id.* at 338; *Willoughby v. United States ex rel. United States Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (per curiam); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

**B.  Dismissal for Failure to State a Claim**

Where, as here, a plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss an action, *sua sponte*, if at any point in the litigation the Court determines the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court screens Plaintiff's complaint under Section 1915 using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998)).

A complaint must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). It must allege facts to support every element of each claim asserted by the plaintiff, which, taken as true, state plausible claims for relief. *See Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 468 (W.D. Tex. 2011). If a "complaint . . . does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,'" the complaint may be dismissed under Rule 12(b)(6). *See Rogers*, 709 F.3d at 407 (quoting *Iqbal*, 556 U.S. at 678).

When reviewing the sufficiency of the plaintiff's factual allegations, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). The court must accept as true all well-pleaded facts contained in the complaint, "even if doubtful or suspect," and view them in the light most favorable to the plaintiff. *See Peña Arita v. United States*, 470 F. Supp. 3d 663,

680 (S.D. Tex. 2020); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the court need not "accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *See id.* at 679.

## III.   ANALYSIS

The Court finds Plaintiff's Third Amended Complaint is deficient for two reasons: (1) Plaintiff failed to plead facts sufficient to establish subject-matter jurisdiction; and (2) Plaintiff failed to plead facts sufficient to state legal claims against Defendants. While dismissal would be appropriate for lack of subject-matter jurisdiction, the Court nevertheless discusses Plaintiff's failure to state legal claims, as the Court finds it is appropriate, in this case, to allow Plaintiff to amend his complaint to cure all of the deficiencies identified by Defendants and discussed herein.

### A.  Failure to Establish Subject-Matter Jurisdiction

The Third Amended Complaint does not allege enough facts for the Court to determine if it has subject-matter jurisdiction over Plaintiff's claims. Plaintiff has the burden to establish subject-matter jurisdiction, either based on federal question jurisdiction, diversity of citizenship jurisdiction, or supplemental jurisdiction. *See Willoughby*, 730 F.3d at 479 ("The plaintiffs, as the parties asserting federal subject-matter jurisdiction, bear the burden of proving that its requirements are met."); FED. R. CIV. P. 8(a)(1) (requiring the complaint to include a short and plain statement of the grounds for the Court's jurisdiction). The Third Amended Complaint not only fails to include a jurisdictional statement, as required, but as discussed in Section B, *infra*, the Third Amended Complaint contains scant factual allegations, which preclude the Court from evaluating jurisdiction. Specifically, the Third Amended Complaint is silent as to the citizenship

of each Defendant, precluding a finding that diversity of citizenship jurisdiction exists. *See* 28 U.S.C. § 1332. Moreover, it seems that Plaintiff's claims against Farmers and Liberty Mutual allege state causes of action that do not give rise to federal question jurisdiction. *See* Dkt. 10 at 7–8 (indicating Plaintiff seeks to recover for breach of insurance contract and/or violations of the Texas Insurance Code or Deceptive Trade Practices Act).

Additionally, the Third Amended Complaint does not articulate Plaintiff's standing to seek relief against Wildridge. Plaintiff alleges that his civil and constitutional rights were violated because "tenants" in a neighborhood operated by Wildridge do not have "traditional wooden post mailboxes in front of each home" and "have no freedom of access to US Postal Mail guaranteed to all homes." *See id.* at 7. However, these allegations do not indicate Plaintiff's connection to Wildridge (i.e. whether Plaintiff has a property interest in a home within the neighborhood) or the injury allegedly suffered and, therefore, do not indicate whether Plaintiff has a concrete and particularized legal injury, as required to establish standing to sue. *See Spokeo*, 578 U.S. at 338–39.

Accordingly, the Court finds Plaintiff failed to meet his burden to establish subject-matter jurisdiction.

## B. Failure to State a Claim

Plaintiff's Third Amended Complaint also fails to state claims for relief against Defendants. As to each Defendant, Plaintiff's allegations are confined to a single, short paragraph. *See* Dkt. 10. Plaintiff failed to assert sufficient factual allegations to provide Defendants with fair notice of the claims asserted against them or to allow the Court to infer more than the possibility of wrongdoing. *See Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555.

Take, for example, Plaintiff's claims asserted against Farmers and Liberty Mutual. Plaintiff claims Farmers "mislead [sic] him when they never intended to pay the claim in full, but simply some arbitrarily deflated depreciation to make show of them paying claims . . . thus subject[ing] him to conduct by family members which included false reporting and abuse." *See* Dkt. 10 at 7. Plaintiff, likewise, claims Liberty Mutual failed to pay a claim of $22,000, which "led to severe repercussions on plaintiff's life." *See id.* at 7–8. However, the Third Amended Complaint does not identify the specific claims that Farmers and Liberty Mutual failed to pay, the insurance policy that required each insurer to pay such claims, or the facts and circumstances relating to Plaintiff's communications with each insurer, as required to provide Farmers and Liberty Mutual fair notice of the claims asserted against them. *See id.*

Plaintiff's claims against Wildridge are similarly vague. Plaintiff asserts that tenants living in Wildridge's neighborhood do not have "traditional wooden post mailboxes in front of each home" and "have no freedom of access to US Postal Mail guaranteed to all homes." *See id* at 7. As a result, "Plaintiff claims his civil and constitutional rights were violated." *See id.* But the Third Amended Complaint does not articulate how Wildridge's alleged failure to provide "traditional wooden post mailboxes" infringes on Plaintiff's "civil and constitutional rights" and, therefore, does not put Wildridge on notice of the claims asserted against it.

The Court finds Defendants cannot, with any certainty, deduce the claims asserted against them based on the limited allegations contained in the Third Amended Complaint. And the Court, at this time, cannot "infer more than the mere possibility of misconduct," if any. *See Iqbal*, 556 U.S. at 679. The Third Amended Complaint thus fails to state a plausible claim for relief, as required to maintain an action in federal court.

## C.  Leave to Amend

Generally, a *pro se* plaintiff should be allowed to amend his complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* at 768.

Because this is the Court's first opportunity to address the sufficiency of Plaintiff's allegations, the Court finds it appropriate to allow Plaintiff to amend his complaint in attempt to cure the deficiencies noted in this opinion. *See Poullard v. Gateway Buick GMC LLC*, No. 3:20-cv-2439, 2021 WL 2376721, at *17 (N.D. Tex. June 10, 2021) (mem. op.); *see also Johnson v. Garcia*, No. 5:20-cv-137, 2021 WL 2451745, at *10 (E.D. Tex. Mar. 8, 2021) ("[T]he Court is not convinced Plaintiff's claims are so fantastic or frivolous to recommend dismissal with prejudice without allowing the *pro se* plaintiff an opportunity to amend to allege[] his best case."), *report and recommendation adopted*, 2021 WL 1826961 (E.D. Tex. May 7, 2021).

However, given Plaintiff's filing history and pattern of failing to comply with court orders, the Court notes that Plaintiff's amended complaint, if any, should be screened for compliance with federal pleading standards. If an amended complaint is filed, Plaintiff must for each claim asserted:

- Articulate a short and plain statement of Plaintiff's right to relief that includes factual allegations to support each element of the claim, which, taken as true, state a plausible claim for relief. *See* FED. R. CIV. P. 8(a); *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555; *Kan*, 823 F. Supp. 2d at 468.

- Articulate the basis for the Court's jurisdiction over the claim (i.e. whether the Court has subject-matter jurisdiction, diversity of citizenship jurisdiction, or supplemental jurisdiction). *See* 28 U.S.C. §§ 1331–1332, 1367; *Willoughby*, 730

F.3d at 479.

- Articulate Plaintiff's standing to bring the claim by alleging an injury-in-fact that is fairly traceable to the Defendant and which may be redressed by Court order. *See Spokeo*, 578 U.S. at 338–39.

## IV.   <u>CONCLUSION AND ORDER</u>

For the foregoing reasons, the Court **ORDERS** that Plaintiff's Fifth Amended Complaint (Dkt. 20), Wildridge's Answer to the Fifth Amended Complaint (Dkt. 22), and Farmers' Answer to the Fifth Amended Complaint (Dkt. 24) are **STRICKEN**, as Plaintiff did not receive prior leave to file the Fifth Amended Complaint.

The Court further **ORDERS** that Wildridge's Motion to Strike the Fifth Amended Complaint (Dkt. 21) and Motion to Dismiss the Fifth Amended Complaint (Dkt. 23) are **DENIED AS MOOT.**

## V.   <u>CONCLUSION AND RECOMMENDATION</u>

For the foregoing reasons, the Court recommends the Motion to Dismiss (Dkt. 12) and Motion for Judgment on the Pleadings (Dkt. 15) be **GRANTED IN PART and DENIED IN PART**. The Court further recommends that Plaintiff be permitted to file an amended complaint that complies with the standards for federal pleading. If this Report and Recommendation is adopted, Plaintiff's amended complaint should be filed no later than fourteen (14) days after receiving service of the Memorandum Adopting this Report and Recommendation. Any failure by Plaintiff to timely file an amended complaint should result in dismissal of Plaintiff's claims.

The Court further recommends that Defendants be permitted to file answers or Rule 12 motions within twenty-one (21) days after Plaintiff's amended complaint, if any, is filed.

The Court further recommends the Motion for a More Definite Statement (Dkt. 14) be **DENIED AS MOOT** in light of the Court's recommendation that Plaintiff be permitted to amend his complaint.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 16th day of February, 2022.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

12